UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

By James Burrell at 11:03 am, Aug 29, 2017

| | |
|---|---|
| KIMBERLY A. ROSETTA, | ) |
| Plaintiff, | ) |
| v. | ) CV417-155 |
| UNITED STATES OF AMERICA, | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Kimberly Rosetta has filed this case seeking "a complete and total separation from the United States of America," so that she would "no longer . . . be a citizen . . . ." Doc. 1 at 6. She also seeks compensation, in the amount of ten billion dollars, for injuries she and her children have allegedly suffered. *Id.* at 15. The factual allegations she makes are both disturbing (that she has suffered physical abuse and mistreatment at medical facilities operated by the Department of Veteran's Affairs (VA)) and, at least partially, delusional (that she provided VA medical staff with advanced warning, gained through extra-sensory means, of the terrorist attacks on September 11, 2001). *Id.* at 17, 23. Her allegations also reveal that she has received intermittent in-

patient mental-health treatment through the VA. *See, e.g., id.* at 22-23 (noting that she was treated at a civilian hospital because she did "not feel[] as if I could live on my own . . . ," and "'worked' with a therapist" when she transferred to VA facility).

Since it is not clear which, if any, of her allegations are grounded in reality, the Court should exercise its inherent authority[1] to immediately dismiss her case. The Eleventh Circuit has "recognized that district courts have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to the parties." *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (citing *Jefferson Fourteenth Assocs. V. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 (11th Cir. 1983)). A complaint is "frivolous" when the Court discerns from its face "that the factual

---

[1] District courts have the inherent power to dismiss *sua sponte* frivolous lawsuits, even those where the plaintiff pays the full filing fee. *See Cuyler v. Aurora Loan Services, LLC*, 2012 WL 10488184 at * 2 (11th Cir. 2012) (notwithstanding filing fee payment, "a district court has the inherent authority to dismiss a patently frivolous complaint"); *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 n.3 (11th Cir. 1983) (noting that courts may *sua sponte* dismiss actions for lacking merit "if the proper procedural steps are taken and if the determination is correct on the merits"); *Wilkerson v. Georgia*, 2014 WL 3644179 at * 1 (S.D. Ga. July 21, 2014) (dismissing *pro se* complaint on frivolity grounds even though plaintiff paid full filing fee), *rev'd on other grounds* by 618 F. App'x 610 (11th Cir. 2015). When a complaint is dismissed as frivolous, the filing fee is not refunded. *See, e.g., Mangram v. Darden*, 2016 WL 7366883 at * 1 (S.D. Ga. Dec. 19, 2016) (citing *Morris v. Bush*, 2008 WL 5231843 at * 2 (N.D. Fla. Dec. 9, 2008)); *see also Golden v. Kaiser*, 1 F. App'x 841, 841 n. 1 (10th Cir. 2001) (noting that the court had not discovered any authority supporting appellant's motion for a refund of a previously paid filing fee).

allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Id.* at 235 (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (discussing "frivolity" in the context of 28 U.S.C. § 1915). Plaintiff's allegations, while evoking the Court's sympathy and genuine concern for her welfare, "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

Despite its sympathy, the Court has an obligation to dismiss any complaint that is factually and legally frivolous. Plaintiff's Complaint is in that category. Accordingly it should be **DISMISSED** prior to service. Although this Court is not the proper place for plaintiff to pursue the relief she seeks, it encourages her to continue to seek the help of mental health professionals.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any

request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 29th day of August, 2017.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA